RECEIVED

SEP 0 4 2007

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| SHANNON TRIPEAUX | CIVIL ACTION NO. 05-0819 |
| VS. | JUDGE MELANÇON |
| POLICE DEP'T OF NEW IBERIA<br>CITY OF NEW IBERIA<br>QUINTON ADCOCK<br>MICHAEL BARNETT<br>SCOTT DAVIS | MAGISTRATE JUDGE METHVIN |

## REPORT AND RECOMMENDATION

On June 6, 2007, defendants the City of New Iberia, on behalf of the New Iberia Police Department, and Robert Feller filed a motion to dismiss for failure to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure, or alternatively, a motion for more definite statement pursuant to Fed.R.Civ.P. 9(b) and 12(e).[1] The motion is opposed by plaintiff Shannon Tripeaux.[2] For the following reasons, it is recommended that the motion be **DENIED**.

### *Factual Background and Procedural History*

The individually named defendants are police officers employed by the New Iberia Police Department. These defendants also provide part-time security to federally-funded housing areas. In connection with this security detail, the federal government subsidizes the pay of the defendant officers.

---

[1] Rec. Doc. 33.

[2] Rec. Doc. 40.

On May 12, 2005, plaintiff Shannon Tripeaux, also an employee of the New Iberia Police Department and a colleague of the defendants, filed the instant lawsuit against the defendants under the False Claims Act, 31 U.S.C. §§3729 and 3730,[3] alleging that the defendant officers have falsified time sheets and/or have received money for either time that they did not work or for more hours than actually worked in connection with their security patrols of the federally-

---

[3] 31 U.S.C. 3729 states:

(a) **Liability for certain acts.**--Any person who--

1. 1) knowingly presents, or causes to be presented, to an officer or employee of the United States Government or a member of the Armed Forces of the United States a false or fraudulent claim for payment or approval;
(2) knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government;
(3) conspires to defraud the Government by getting a false or fraudulent claim allowed or paid;
(4) has possession, custody, or control of property or money used, or to be used, by the Government and, intending to defraud the Government or willfully to conceal the property, delivers, or causes to be delivered, less property than the amount for which the person receives a certificate or receipt;
(5) authorized to make or deliver a document certifying receipt of property used, or to be used, by the Government and, intending to defraud the Government, makes or delivers the receipt without completely knowing that the information on the receipt is true;
(6) knowingly buys, or receives as a pledge of an obligation or debt, public property from an officer or employee of the Government, or a member of the Armed Forces, who lawfully may not sell or pledge the property; or
(7) knowingly makes, uses, or causes to be made or used, a false record or statement to conceal, avoid, or decrease an obligation to pay or transmit money or property to the Government,

is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages which the Government sustains because of the act of that person . . .

31 U.S.C. 3730(a) and (b) state:

(a) **Responsibilities of the Attorney General.**--The Attorney General diligently shall investigate a violation under section 3729. If the Attorney General finds that a person has violated or is violating section 3729, the Attorney General may bring a civil action under this section against the person.

(b) **Actions by private persons.**--(1) A person may bring a civil action for a violation of section 3729 for the person and for the United States Government. The action shall be brought in the name of the Government. The action may be dismissed only if the court and the Attorney General give written consent to the dismissal and their reasons for consenting.

3

funded housing areas. In her original complaint, Tripeaux did not allege specific times and/or places for each defendant's allegedly fraudulent conduct, nor did she allege the dates and amount of hours for which she claims each defendant submitted false time sheets.

However, on July 6, 2007, after the instant motion to dismiss was filed, Tripeaux filed a first amending and supplemental complaint wherein she specifically identifies the false documentation submitted by each defendant, which includes the dates on which the defendants submitted false timesheets, the number of hours for which each defendant sought payment, and payment amounts that each defendant received based on the allegedly false submissions.

## *Law and Analysis*

A motion to dismiss under Rule 12(b)(6) "is viewed with disfavor and is rarely granted." Collins v. Morgan Stanley Dean Witter, 224 F.3d 496, 498 (5th Cir. 2000), citing Kaiser Aluminum & Chem. Sales v. Avondale Shipyards, 677 F.2d 1045, 1050 (5th Cir.1982). Such motion "may be granted only if it appears that no relief could be granted under any set of facts that could be proven consistent with the allegations." Meadowbriar Home For Children, Inc. v. G.B. Gunn, et al., 81 F.3d 521, 529 (5th Cir. 1996), citing Bulger v. United States Bureau of Prisons, 65 F.3d 48, 49 (5th Cir. 1995). The district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. Jefferson v. Lead Industries Ass'n., Inc., 106 F.3d 1245, 1250 (5th Cir. 1996), citing Fernandez-Montes v. Allied Pilots Ass'n., 987 F.2d 278, 284 (5th Cir. 1993); Meadowbriar, 81 F.3d at 529; La Porte Constr. Co. v. Bayshore Nat'l. Bank, 805 F.2d 1254, 1255 (5th Cir. 1996). The complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove any set of facts in support of his claim that

4

would entitle him to relief. Id., 106 F.3d at 1250, citing Fernandez-Montes, 987 F.2d at 284, 285; Leffall v. Dallas Independent School District, 28 F.3d 521, 524 (5th Cir. 1994).

Similarly, motions for a more definite statement are disfavored. Sargent v. Riley, 2003 WL 30418, at *3-4 (E.D.La.2003). Such motions are universally deemed appropriate only when the pleading addressed is "so vague it cannot be responded to." Sargent, 2003 WL 30418, at *3-4, citing Prudhomme v. Proctor & Gamble Co., 800 F.Supp. 390, 396 (E.D.La.1992) (citations omitted). Moreover, the Fifth Circuit has cautioned:

> In view of the great liberality of F.R.Civ.P. 8, permitting notice pleading, it is clearly the policy of the Rules that Rule 12(e) should not be used to frustrate this policy by lightly requiring a plaintiff to amend his complaint which under Rule 8 is sufficient to withstand a motion to dismiss. *It is to be noted that a motion for more definite statement is not to be used to assist in getting facts in preparation for trial as such. Other rules relating to discovery, interrogatories and the like exist for this purpose.*

Id. at *4 (emphasis added), citing Mitchell v. E-Z Towers, Inc., 269 F.2d 126, 132 (5th Cir.1959).

To state a claim under the False Claims Act, subsection (a)(1), a relator must allege that the defendant "knowingly" made "a false or fraudulent claim" to the United States Government. See, e.g., United States ex rel. Riley v. St. Luke's Episcopal Hosp., 355 F.3d 370, 376 (5th Cir. 2004); 31 U.S.C. §3729(a)(1). Similarly, to state a claim under subsection (a)(2), the relator must allege that the defendant "knowingly" made or used "a false record or statement to get a false or fraudulent claim" paid by the Government. Id. §3729(a)(2).

In the instant case, the record shows that the plaintiff has amended her complaint to provide specific information regarding the times and/or places of the defendants' allegedly fraudulent conduct, as well as the specific amounts that they have received in payment for their allegedly fraudulent timesheets. Considering the foregoing, the undersigned concludes that it

5

does not appear beyond doubt that the plaintiff cannot prove any set of facts in support of her claim that would entitle her to relief under the False Claims Act, nor does it appear that the plaintiff's amending complaint is "so vague it cannot be responded to."

### *Conclusion*

For the foregoing reasons, it is recommended that the defendants' motion to dismiss or, alternatively, for more definite statement (Rec. Doc. 33) be **DENIED.**

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from receipt of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after receipt of a copy of any objections or responses to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of receipt, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See Douglass v. United Services Automobile Association, 79 F.3d 1415 (5th Cir. 1996).**

Considering the foregoing,

Signed at Lafayette, Louisiana on ~~August~~ September 4, 2007

COPY SENT:
DATE: 9/4/07
BY: CW
TO: mem
     TLM

Mildred E. Methvin
United States Magistrate Judge
800 Lafayette St., Suite 3500
Lafayette, Louisiana 70501
(337) 593-5140 (phone) 593-5155 (fax)